# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| LARRICK EVANS DEGREE ) | |
| ) | |
| v. ) | NO. 2:07-CV-87 |
| ) | |
| NORTHEASTERN CORRECTIONAL ) | |
| COMPLEX, *ET AL*. ) | |

## MEMORANDUM OPINION AND ORDER

On April 20, 2007, the plaintiff filed a § 1983 complaint, [Doc. 1], with this Court against Defendants Northeastern Correctional Complex ("NECX"), Warden Howard Carlton, Assistant Warden David Sexton, and three unnamed officers. Then on May 18, 2007, the plaintiff filed an amended complaint, [Doc. 2], and added the surnames of the officers, Bailey, Powel, and Reaves. According the to the Court's docket sheet, it appears that none of the defendants were properly served. The plaintiff then filed the amended complaint again on May 23, 2007, [Doc. 9]. The docket sheet does not show that the defendants were served; however, Defendants David Sexton and Howard Carlton filed motions for an extension of time to file an answer, [Docs. 10 and 11]. Defendants Sexton and Carlton filed a joint answer, [Doc. 14], and the first motion to dismiss, [Doc. 15 ], on July 16, 2007. On August 9, 2007, Defendants Sexton and Carlton filed a second motion to dismiss, [Doc. 17].

First, the NECX is not a suable entity. *See Rhodes v. McDannel*, 945 F.2d

117, 120 (6th Cir.1991). Thus, it is hereby **ORDERED** that the action against NECX be **DISMISSED WITH PREJUDICE**. Second, Defendants Bailey, Powel, and Reaves have not been served within 120 days of the filing of the amended complaint. It is hereby **ORDERED** that the plaintiff shall show cause on or before April 30, 2008, why this case should not be dismissed as to these defendants for failure to prosecute.

This Court will now address the motions to dismiss, starting with the motion filed second, [Doc. 17]. Defendants Carlton and Sexton seek dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because, as they argue, the plaintiff waived his claims against them by filing a claim in the Tennessee Division of Claims Administration. The plaintiff failed to respond to this motion. This failure, in and of itself, serves as grounds for granting the defendants' motion. LR 7.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee. Thus, it is hereby **ORDERED** that Defendants Carlton and Sexton's motion to dismiss, [Doc. 17], is **GRANTED**, and it is further **ORDERED** that the causes against these defendants are **DISMISSED WITH PREJUDICE**. Thus, the defendants' first motion to dismiss, [Doc. 15], is **DENIED AS MOOT**.

Notwithstanding the dismissal for failure to respond, this Court will address the merits of this second motion. The defendants claim waiver based on Tennessee Code Annotated section 9-8-307(b) which provides:

Claims against the state filed pursuant to subsection (a)

>shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the Commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

T.C.A. § 9-8-307(b) (2008).

On April 20, 2007, the same day as the plaintiff filed his original complaint in this Court, the plaintiff filed a complaint with the Tennessee Claims Commission which is substantially similar to his original complaint and amended complaint.[1] Thus, the defendants argue that he has waived his federal cause of action and that this Court lacks jurisdiction.

The defendants are correct. The Sixth Circuit has held that the filing of a claim pursuant to section 9-8-307(b), even subsequent to the filing of the federal action, which involves the same factual scenario waives the federal cause of action. *See White by Swafford v. Gerbitz*, 860 F.2d 661, 664 (6th Cir. 1988). Here, the complaints are substantially similar and involve the same factual scenario. Therefore, this Court FINDS that the federal cause of action is waived and that this Court lacks jurisdiction.[2]

---

[1] The complaint was attached to defendants' motion as an exhibit. This Court may consider the complaint, even though it is outside the pleadings. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1974); *see also United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

[2] If the Commission concludes that defendants' actions were outside the scope of their employment, the plaintiff would be free to pursue a federal cause of action. *See White*, 860 F.2d at 665.

In conclusion, it is hereby **ORDERED** that the action against NECX be **DISMISSED WITH PREJUDICE**, that the plaintiff shall show cause on or before April 30, 2008, why this case should not be dismissed as to Defendants Bailey, Powel, and Reaves for failure to prosecute, that Defendants Carlton and Sexton's motion to dismiss, [Doc. 17], is **GRANTED**, that the causes against Defendants Carlton and Sexton are **DISMISSED WITH PREJUDICE**, and that the Defendants Carlton and Sexton's first motion to dismiss, [Doc. 15], is **DENIED AS MOOT**.

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE